and fell and his wagon passed over him causing his death. In an action against the street railway company and the city to recover damages for his death, charging the railway company with negligence in constructing and maintaining such track, and charging the city with negligence in maintaining the street in unsafe condition and in permitting the railway company to construct and maintain such track, and charging both defendants with negligence in failing to remove such track in a reasonable time after the completion of the work of track reconstruction, *held* that the question of defendants' negligence was a question for the jury and that trial court erred in giving a peremptory instruction to find for defendants.

8. STREET RAILROADS, § 45*—*when question of contributory negligence is for the jury.* In an action against a street railroad company and a city to recover damages for the death of a teamster caused by stumbling against a temporary street car track when attempting to stop his team, *held* that the question whether the teamster was guilty of contributory negligence in permitting his fourteen-year-old son to drive the team around in the street was for the jury.

---

## John Pozdal, Appellee, v. C. C. Heisen, Appellant.

### Gen. No. 18,368.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed with finding of fact. Opinion filed December 31, 1913. Rehearing denied January 12, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John Pozdal against C. C. Heisen and Federal Steel Fixture Company to recover for personal injuries sustained by plaintiff resulting from a descending elevator striking plaintiff's head when plaintiff opened a defective corrugated iron door leading into an elevator shaft for the purpose of communicating with his coemployes on a floor below. Suit was dismissed as to the defendant Federal Steel Fixture Company, a tenant in the building, and prosecuted against defendant Heisen, as owner of the building.

From a judgment in favor of plaintiff for three thousand five hundred dollars, defendant appeals.

EDWARD M. HAMMOND and WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and CHARLES J. McFADDEN, of counsel.

F. W. JAROS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 243*—*when owner of building not liable for injury to tenant's employe caused by defective elevator doors.* Where a person employed in a building was injured by a descending elevator while he was attempting to open a door leading to the elevator shaft for the purpose of communicating with his employes on a floor below, *held* in an action against the owner of the building to recover for the injuries that defendant owed to plaintiff no duty to maintain the door in reasonably safe condition, the .evidence showing that the mechanism whereby the door was to be opened and closed was located in the elevator shaft and the elevator operator was alone charged with the duty of opening and closing the door.

2. LANDLORD AND TENANT, § 239*—*duty of landlord to maintain safe condition of premises when building leased to various tenants.* A landlord who rents different parts of a building to various tenants, reserving the elevators, halls, stairways and other approaches for the common use of his tenants, is under an implied duty to use reasonable care to keep such instrumentalities and places in a reasonably safe condition, and is liable for injuries to persons lawfully using such instrumentalities and places resulting from a failure to perform that duty.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.